Filed April 25, 1888.

No. 13,135.

## MOORE ET AL. *v.* THE STATE, EX- REL. MILLER.

SHERIFF'S SALE.—*Appraisement.—Void Sale.—Action by Purchaser on Sheriff's Bond to Recover Loss.—Former Adjudication.*—A purchaser of real estate at sheriff's sale was defeated in an action to recover its possession, the sale being void by reason of a violation by the sheriff of the law respecting appraisement. The purchaser then had judgment against the sheriff for the return of undistributed money arising from his purchase, and also an order setting aside the satisfaction of the judgment under which the sale was made; but instead of proceeding to sale thereunder, he brought this action on the sheriff's bond to recover the amount lost under his purchase by reason of the sheriff's neglect of duty.

*Held,* that the prior judgment for the return of the undistributed purchase-money and for the revivor of the original judgment is not a bar to the pending action.

NEW TRIAL—*Actions Upon Contract.—Excessive Damages.*—An action on a sheriff's bond is "upon contract," and the cause for a new trial, "Excessive damages," which is applicable only in cases of torts, will not call in question the assessment of the amount of recovery.

From the Boone Circuit Court.

*N. Morris* and *L. Newberger,* for appellants.

*C. M. Zion,* for appellee.

HOWK, J.—In this case, the only error assigned here by appellants, defendants below, is the overruling of their motion for a new trial.

Plaintiff's relator, Miller, commenced this action on the 3d day of January, 1884, against the defendants on the official bond of defendant Mark C. Moore, as sheriff of Boone county, to recover damages for an alleged breach of his official duty. In his complaint herein, relator alleged that, on the 3d day of June, 1881, there came into the hands of defendant Moore, then sheriff as aforesaid, an execution issued by the clerk of the court below upon a judgment in the court of common pleas of Boone county, in favor of Charles T. Bell and against Ira and Rebecca Alexander, which judgment was rendered in the court below in favor of Solomon Sharp, as an assignee of such judgment, and said execution was issued on such judgment for the use of said Sharp, as such assignee; that said execution commanded said sheriff, Moore, to collect the amount due as principal, interest and costs, out of the property of said Ira and Rebecca Alexander, in Boone county, subject to execution and the valuation and appraisement laws of this State; that, for the collection of such judgment, said sheriff, Moore, levied said execution upon certain real estate, particularly described, in Boone county, as the property of said Ira and Rebecca Alexander; that said sheriff advertised such real estate for sale, and at the time and place so advertised, the relator herein, Matthew G. Miller, bid in such real estate at the price of $934, paid his said bid and received from said sheriff, Moore, a certificate of such sale.

And the relator averred that said sheriff, Moore, failed and neglected to have such real estate appraised, as required by law and as directed by said execution, upon which such real estate was sold; that the year for redemption having expired and said real estate not having been redeemed from such sale thereof, said sheriff, Moore, executed a sheriff's deed of such real estate to the relator herein; that, afterwards, such relator, Miller, instituted in the court below an action in ejectment against said Ira and Rebecca Alexander for the possession of such real estate so sold and conveyed by Sheriff

Moore to such relator; that in such action said Ira and Rebecca Alexander, defendants therein, filed their cross-complaint against such relator, alleging therein that such sheriff's sale was illegal and void, for the reason that no appraisement of such real estate had been made; and that such proceedings were had in that action as that the court below found against such relator, the plaintiff therein, and adjudged null and void the sheriff's deed made by said sheriff, Moore, to such relator herein.

And relator further averred that, by reason of the failure .and neglect of defendant Moore, sheriff as aforesaid, in not having such real estate appraised as required by law, relator, Miller, had been compelled to pay out large sums of money for attorneys' fees and costs in litigation growing out of said illegal sale, and to lose more than three years' interest on the sum of $453, part purchase-money paid Sheriff Moore, and by him retained and used; that such relator had also lost, on account of said sheriff's carelessness, failure and neglect, the collection of the principal, interest and costs of the aforesaid judgment, and a large amount of valuable time in attending the litigation growing out of such illegal sheriff's sale, all to the loss and damage of the relator herein in the sum of $1,000. Wherefore the plaintiff, for the use of such relator, demanded judgment, etc.

In the second paragraph of complaint, the breach assigned by relator upon the sheriff's official bond sued upon is predicated upon the same levy on and sale of the same real estate to such relator as are described in the first paragraph thereof; but it is averred in such second paragraph that, by and through the carelessness and neglect of Sheriff Moore, the real estate was unlawfully sold to the relator for less than two-thirds of its appraised value; whereby such real estate, and the amount bid and paid therefor, were wholly lost to the relator. Wherefore, etc.

Defendants jointly answered in four paragraphs, of which the first was a general denial of relator's complaint; the

third paragraph was a general plea of payment of all demands sued upon herein, prior to the commencement of the action; and the second and fourth paragraphs of such answer were pleas of prior adjudication or former recovery of the matters in controversy herein. To the special paragraphs of such answer, relator replied by a general denial thereof. The issues joined were tried by the court, and a finding was made for plaintiff's relator, assessing his damages in the sum of $612.50, and judgment was rendered accordingly. The joint motion of the defendants having been overruled by the court, they have appealed from the judgment below to this court, and have here assigned error, as we have heretofore said, upon the overruling of their motion for a new trial herein.

The cause was submitted to the court below for trial, upon an agreed statement of the facts in writing, in substance, as follows:

On the 16th day of September, 1869, one Charles Bell recovered a judgment in the court of common pleas of Boone county, against Ira Alexander and Rebecca, his wife, for $534.87, and costs of suit, taxed at $— and — cents, with, or subject to, relief from valuation and appraisement laws. On the 5th day of April, 1873, said Charles T. Bell duly assigned such judgment to one William H. Davis, who, on the 5th day of September, 1873, duly assigned such judgment to one Solomon Sharp. On the 26th day of May, 1881, said judgment was revived in the circuit court of Boone county in favor of said Solomon Sharp, and execution was ordered to be issued on the same for his benefit. On the 3d day of June, 1881, an execution was duly issued on such judgment by the clerk of the Boone Circuit Court, and placed in the hands of defendant Mark C. Moore, who was then sheriff of Boone county, his co-defendants herein being his bondsmen; the defendants in such execution, to wit, Ira and Rebecca Alexander, having no personal property subject to levy, said

execution was by defendant Moore levied upon certain real estate in Boone county, then owned by defendant Rebecca Alexander. Said Ira and Rebecca Alexander refused to select an appraiser to assist in appraising such real estate, and defendant Moore, without having given three days' notice, as required by the statute, selected two resident freeholders of the neighborhood and township where such real estate was situated, who appraised the rents and profits of such real estate at $80 per annum, and the fee simple thereof at $35 per acre. After giving due and legal notice of the time and place of the sale of such real estate, defendant Moore, as sheriff of such county, on the 23d day of July, 1881, after first offering the rents and profits of such real estate, and receiving no bid therefor, offered and sold the fee simple thereof to relator, Miller, for the sum of $934, that being the highest and best bid made therefor, and such relator paid the amount of his said bid to defendant Moore, as such sheriff, and then and there received from him a sheriff's certificate of sale of such real estate.

Said judgment, with accrued interest and costs, on the day of such sale, amounted to $479.91, which sum was paid by Sheriff Moore to the clerk of the court below, who paid out the same to the parties entitled thereto. After the payment of such judgment, interest and costs, there remained of relator's said bid in the hands of defendant Moore, as such sheriff, the sum of $455.09, which said Ira and Rebecca Alexander refused to receive or claim, and which sum was retained by said Moore until he paid it back to the relator, as hereinafter stated.

The sheriff's sale of such real estate not having been redeemed within one year from the sale, the relator obtained a sheriff's deed thereof and brought an action in ejectment in the court below against said Ira and Rebecca Alexander for the possession thereof, in which action defendants Ira and Rebecca Alexander filed their cross-complaint against relator, wherein they alleged that the appraisement of such real es-

tate was irregular, and that relator's bid at such sheriff's sale was less than two-thirds of the appraised value of such real estate.

The court tried such action and found for said Ira and Rebecca Alexander on their cross-complaint, and set aside and held for naught such sheriff's sale, and decreed that such relator ought not to recover such real estate. Afterwards the relator filed his complaint in the court below against said Ira and Rebecca Alexander, Solomon Sharp and defendant Moore, setting forth the foregoing facts and asking that the satisfaction of the aforesaid judgment, so held by said Sharp against the Alexanders as aforesaid, should be set aside, and that such judgment be declared to have full force and effect for relator's benefit; that execution be issued thereon to reimburse relator for the money paid by him on the purchase of such real estate; and that defendant Moore should pay into court for relator's benefit the aforesaid sum of $455.09 yet remaining in his hands as such sheriff, and derived from the sale to relator of such real estate.

Such suit was tried in the court below on the 27th day of June, 1883, and the court found therein for relator in this suit, and set aside the satisfaction of the judgment held by said Sharp against said Ira and Rebecca Alexander, and declared that said judgment should be and remain in full force and effect for relator's benefit for the amount of his said bid on such real estate, less the amount thereof still in the hands of defendant Moore, and ordered that such defendant should pay such such sum of $455.09 into court for the use of plaintiff in that suit, the relator herein, and that execution should issue on such judgment for relator's benefit. In compliance with the orders of the court below in said cause, defendant Moore paid into court for relator's benefit said sum of $455.09, which was received by such relator ; and on the 21st day of August, 1883, such relator caused an execution to be issued on said Sharp judgment against said Ira and Rebecca Alexander by the clerk of the court below, and placed in the

hands of the sheriff of Boone county, who, by relator's direction, levied such execution on the same real estate which had been previously sold on execution to satisfy such judg-- ment as aforesaid. Prior to the day set for the sale of such real estate to satisfy said execution, relator herein directed the proceedings stopped until further orders from him, and said execution, having expired by limitation, was returned by the sheriff unsatisfied, and since then there had been no further proceedings by the relator on said judgment.

On the 14th day of July, 1880, said Ira and Rebecca Alexander mortgaged the real estate described to one John S. Craig, as security for the payment of a note for $462, and such mortgage was duly recorded on the day of its date in the recorder's office of Boone county ; and on the 24th day of August, 1882, said mortgagee, Craig, filed his complaint against said mortgagors in the court below for the foreclosure of said mortgage, making the relator herein a defendant in such action to answer as to his interest in such real estate, as a junior judgment creditor of the said Alexanders.

On the 12th day of September there was a judgment in said cause in favor of said Craig against the said Alexanders for the sum of $664.66, and for the foreclosure of said mortgage against all the defendants therein, under which judgment the mortgaged real estate had been sold and a sheriff's deed thereof had been executed to said John S. Craig. Prior to the revivor of said judgment the said Alexanders had executed a mortgage on the undivided one-half of said real estate to secure the payment of a note for $345 to said John S. Craig, dated April 28th, 1878, and duly recorded on the day of its date in the recorder's office of Boone county, and such mortgage debt had not been paid or foreclosed.

Upon the foregoing evidence it is earnestly insisted, on behalf of the defendants, that the court below erred in overruling their motion for a new trial, *first,* for the reason, as claimed by their counsel, that the matters in issue in the pending suit were adjudicated " in the former action between

the same parties" wherein Miller, the relator herein, had the Sharp judgment restored and the satisfaction thereof set aside by the order of such court. This position is wholly untenable, as it seems to us. It is wholly a mistake to say that "the former action," wherein the relator had the satisfaction of the "Sharp judgment" set aside and such judgment revived and continued in full force for the relator's benefit, was "between the same parties" as the action we are now considering.

The parties to the two actions were and are different each from the other, and the objects and purposes of such actions were and are far more widely different. We recognize the rule declared by this court more than sixty years ago in *Fischli* v. *Fischli*, 1 Blackf. 360, and invoked by defendants' counsel in support of their position, that when a matter is adjudicated and finally determined by a court of competent jurisdiction, "it is considered as forever at rest." We also concur in the view that the rule declared not only embraces what actually was determined, but, also, extends to all matters fairly within the issues in the cause which the parties might have litigated therein. However much this court may have departed from the doctrines declared in our early cases upon other questions, it may well be said, we think, that, "without variableness or shadow of turning," we have adhered, and still adhere, strictly and tenaciously, to the rule declared in *Fischli* v. *Fischli, supra; Richardson* v. *Jones,* 58 Ind. 240; *Sauer* v. *Twining,* 81 Ind. 366; *Farrar* v. *Clark,* 97 Ind. 447; *Elwood* v. *Beymer,* 100 Ind. 504; *Indiana, etc., R. W. Co.* v. *Koons,* 105 Ind. 507; *Center Tp.* v. *Board, etc.,* 110 Ind. 579.

Without doubt, the rule invoked by defendants' counsel, in support of their position, is a good and sound rule; but it can not be said, we think, with any degree of legal accuracy, that this rule has any application to the case under consideration. This is an action upon the official bond of defendant Moore, as sheriff of Boone county, against him and

his sureties therein, to recover damages for an alleged breach of his official duty. As shown by the agreed evidence, the substance of which we have given, the so-called "former action" or proceeding was instituted by the relator herein for the two-fold purpose (1) of having the surplus of his bid remaining in Sheriff Moore's hands after the satisfaction of the execution issued to him on the Sharp judgment refunded by him to such relator, and (2) to have the satisfaction of such judgment, as shown by the return of the aforesaid execution, set aside by an order of the court below. It is absolutely certain, as it seems to us, that the matters presented for trial, by the issues in the cause we are now considering, were not and could not have been litigated in such "former action" or proceeding. We can not hold, therefore, that the matters in issue in the suit now before us were or might have been adjudicated in such former action. The cause of action, the parties and the relief sought were wholly different in the pending suit from those in such former action.

Defendants' counsel also insist that the court below erred in its assessment of the amount of the relator's recovery herein, in that it was too large, and that, for this cause, the motion for a new trial ought to have been sustained. It was assigned as one of the causes for a new trial, in defendants' motion therefor, "that the damages awarded the plaintiff are excessive." This is the *fourth* statutory cause for a new trial. Section 559, R. S. 1881. Defendants failed to assign, in their motion for a new trial, the *fifth* statutory cause therefor, namely, "Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract or for the injury or detention of property." Section 559, *supra.* The case at bar, as we have seen, is "where the action is upon a contract." In such a case, it is settled by our decisions that the *fourth* statutory cause for a new trial, of "Excessive damages," assigned by defendants herein, will not call in question the assessment of the amount of recovery, either in the court below or in this court. In

other words, it is held that the *fourth* statutory cause for a new trial " is proper only in cases of torts." *Lake Erie, etc., R. W. Co.* v. *Acres,* 108 Ind. 548; *Thomas* v. *Merry,* 113 Ind. 83; *Clark Civil Tp.* v. *Brookshire, post,* p. 437; *McCormick, etc., Co.* v. *Gray, ante,* p. 340.

These are the principal grounds upon which defendants' counsel claim that the court below erred in overruling the motion for a new trial, and, as we have shown, they are not sufficient. Strictly speaking, no question is presented for our decision by the record of this cause and the error assigned thereon by defendants. This is so, because it is not shown in any manner that the bill of exceptions copied into the record contains " all the evidence given in the cause." It has been uniformly held by this court that the bill of exceptions must show in some manner (although no particular form of words is now required) that it contains all the evidence given in the cause. In the absence of such a showing, no question will be considered and decided here, contrary to the decision of the trial court, where the evidence is necessary to the proper decision thereof.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed May 8, 1888.