## Boggs *v.* Toney.

### [No. 7,621.  Filed April 25, 1912.]

1. New Trial.—*Grounds.—Excessive Damages.*—The provision of §585, subd. 4, Burns 1908, §559 R. S. 1881, for granting a new trial on the ground of excessive damages applies only in tort actions.  p. 290.

2. Appeal.—*Presenting Ground for Review in Trial Court.—Motion for New Trial.—Grounds.*—No question is presented by a motion for a new trial based on §585, subd. 5, Burns 1908, §559 R. S. 1881, alleging error in assessing the amount of recovery, but failing to state in what respect the jury erred.  p. 290.

3. Frauds, Statute of.—*Parol Lease.—Validity.*—A lease for one year is valid without being reduced to writing.  p. 291.

4. Appeal.—*Briefs.—Failure to Set Out Instruction.—Waiver of Error.*—Error in the giving of an instruction is waived where appellant fails to set out the instruction in his brief or to point out the alleged error.  p. 291.

5. Frauds, Statute of.—*Parol Lease.—Breach.—Instruction.*—In an action for breach of a parol lease for the term of one year, an instruction which told the jury that, if it found the agreement to have been entered into and that there was a breach thereof, as alleged in the complaint, it should find for the plaintiff, was not erroneous for stating that it was not material whether such agreement was to be reduced to writing or to rest in parol.  p. 291.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Charles Toney against Albert Boggs.  From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*William Robinson* and *John W. Strawn,* for appellant.
*Sheridan & Gruber,* for appellee.

Felt, C. J.—Appellee brought this action for damages for breach of a parol lease.  A trial by jury resulted in a verdict in his favor.  Appellant moved for a new trial, which motion was overruled, and judgment rendered on the verdict.  The only error assigned is that the court erred in overruling the motion for a new trial, which was asked for the following reasons:

(1)    The damages assessed by the jury are excessive.

(2)    The jury erred in assessing the amount of recovery.

(3)    The verdict of the jury is not sustained by sufficient evidence.

(4)    The verdict of the jury is contrary to law.

(5)    The court erred in giving each of instructions one and three requested by appellee.

This is an action *ex contractu*, and not an action *ex delicto*, Neither of the first two grounds of the motion raises any question as to the amount of the verdict in such a case. The first ground is applicable only in tort actions, and the second fails to state in what respect the jury erred. §585, subds. 4, 5, Burns 1908, §559 R. S. 1881; 28 Am. and Eng. Ency. Law (2d ed.) 255; *Smith* v. *Barber* (1899), 153 Ind. 322, 332, 53 N. E. 1014; *Lake Erie, etc., R. Co.* v. *Acres* (1886), 108 Ind. 548, 9 N. E. 453; *Moore* v. *State, ex rel.* (1888), 114 Ind. 414, 422, 16 N. E. 836; *McCormick, etc., Mach. Co.* v. *Gray* (1888), 114 Ind. 340, 16 N. E. 787; *American Quarries Co.* v. *Lay,* (1906), 37 Ind. App. 386, 391, 73 N. E. 608; *Stabno* v. *Leeds* (1901), 27 Ind. App. 289, 60 N. E. 1101.

Furthermore, if the question were properly presented, there is no showing that the verdict for $100 was not fully warranted by the evidence.

Appellant, in his brief, has made only a meager statement of the evidence, and has not fully complied with the rules of this court in that respect. However, it appears that there was evidence tending to show that on January 3, 1910, appellant and appellee entered into negotiations concerning the leasing of a pool-room belonging to appellant; that the terms of the lease were agreed on; that appellee paid appellant the sum of $25 to bind the agreement, for which sum appellant executed his receipt "on acct. of lease on pool-room"; that the lease was for one year, and appellee was to take possession of the property on the next morning, when the

contract was to be reduced to writing; that on the next day appellant refused to execute the lease, and refused to deliver possession of the property to appellee.

A lease for one year is not required to be in writing to be valid, and from the foregoing evidence the jury was warranted in finding for appellee.

Appellant also assigns error in the giving of instructions one and three, tendered by appellee, but as he has failed to set out instruction three in his brief, and has not pointed out the alleged error therein, he has waived the error, if any. *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490, 497, 77 N. E. 945; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 498, 72 N. E. 996; *McNulty* v. *State* (1906), 37 Ind. App. 612, 616, 76 N. E. 547, 117 Am. St. 344.

The first instruction, after stating the theory of appellee's complaint, told the jury, in substance, that it should find for appellee, if it believed from a preponderance of the evidence that appellant and appellee entered into an agreement, by the terms of which appellant was to lease the property described in the complaint to appellee substantially on the terms alleged in the complaint, and that after so entering into such an agreement, and accepting the payment of earnest money thereon, he refused to comply with the terms thereof, and either to execute the written contract or to carry out the parol lease. The instruction also stated that it was "not material whether it was the contract that such lease was to be reduced to writing or whether it was to rest in parol." Appellant objects to that part of the instruction quoted, but has failed to point out wherein it is erroneous or harmful. Appellee sued on a definite parol contract, and the mere fact, if it is a fact, that by the terms of such agreement it was thereafter to be reduced to writing, is not material on the facts of this case.

The trial court did not err in overruling appellant's motion for a new trial, and the judgment is therefore affirmed.

NOTE.—Reported in 98 N. E. 306.   See, also, under (1) 28 Cyc. 843;   (2) 29 Cyc. 942;   (3) 20 Cyc. 214;   (4) 2 Cyc. 1016;   (5) 20 Cyc. 321.   As to parol lease as affected by the statute of frauds, see 17 Am. St. 752.