SMITH *v.* OSTERMEYER REALTY COMPANY ET AL.

[No. 15,082. Filed October 17, 1935. Rehearing denied February 5, 1936. Transfer denied April 30, 1936.]

*U. S. Lesh, James E. Lesh* and *Samuel Offutt,* for appellant.

*William S. McMaster,* for appellees.

WOOD, J. — The appellee Ostermeyer Realty Co. brought suit for the recovery of rent claimed to be due and unpaid from its co-appellee Great Eastern Hotel Co. on a written lease existing between them, and from the appellant as the alleged guarantor of the performance

of the terms of said lease by appellee Great Eastern Hotel Co.

The issues consisted of an amended complaint, the allegations thereof necessary for our consideration reading as follows:

"That prior to the full execution and delivery of the said lease of November 30, 1923, between the parties thereto, the terms and conditions to be incorporated in said lease and the matter of a guaranty for the performance thereof had been discussed by the parties and there had been prepared a draft of a proposed guaranty of the lease to be entered into which was to be attached to the formal lease agreement when the same should be executed.

"That the said form of guaranty so previously prepared bore date of November 15, 1923.

"That on said 30th day of November, 1923, at the time of the execution of said lease agreement as aforesaid and contemporaneously therewith the defendant Emmet M. Smith executed and delivered to said plaintiff his certain written guaranty of the performance of the agreements contained in said lease to be performed by the said defendant Great Eastern Hotel Company. And that said written guaranty so executed and delivered was upon the form so drafted prior to the execution of said lease and which bore said date of November 15, 1923.

"That the said written guaranty so executed and delivered by the said defendant Smith as aforesaid was attached to the said lease agreement when so executed and delivered and that the condition contained in said written guaranty, to-wit: 'The lease hereinabove mentioned to Great Eastern Hotel Company' was understood and intended by all of said parties including said defendant Smith, and the same did, as a matter of fact, refer to the said lease agreement so executed as of November 30, 1923, and the said written guaranty by the said defendant Smith was so executed and delivered to the said plaintiff as a guaranty of due performance of said lease of November 30, 1923, by the said Great Eastern Hotel Company."

The written guaranty referred to in the amended complaint is in the following language:

"Indianapolis, Indiana,
November 15th, 1923.

FOR AND IN CONSIDERATION of the making and granting of the lease hereinabove mentioned to Great Eastern Hotel Company, I, the undersigned, Emmet M. Smith, do hereby guarantee the performance of all the agreements contained in said lease to be performed by the said Great Eastern Hotel Company and the payment of all rent agreed to be paid under the terms of said lease and in case of the failure of the said Great Eastern Hotel Company to pay any money agreed to be paid by the terms of said lease, promptly when the same become due, I hereby agree to pay the same and carry out and perform any and all agreements of said contract in case it shall fail to carry out and perform the same.

EMMET M. SMITH."

The Great Eastern Hotel Company defaulted. To this amended complaint the appellant filed a demurrer for insufficiency of facts. The theory of the memoranda in support of the demurrer was: that it did not appear from the allegations of the amended complaint and the exhibits made a part thereof that the performance of the lease had been guaranteed by appellant; that the appellant did not guarantee the payment of the rentals accruing under the lease between the appellees; that the written instruments composing Exhibit A of the amended complaint, being the lease and written guaranty, made no reference one to the other, nor were they so connected in points of date and other recitals as to be read and considered together as a single transaction; that from the allegations of the amended complaint it was apparent that the cause of action insofar as appellant was concerned was founded upon a parol guaranty and therefore void under the statute of frauds.

This demurrer was overruled and appellant filed an answer in four paragraphs; the first was a general denial; the second alleged that the appellee Great Eastern Hotel Company assigned its interest in the lease to a

third party with the knowledge and consent of the Ostermeyer Realty Company, that said Ostermeyer Realty Company accepted said assignee as its tenant, and released the Great Eastern Hotel Company from any further performance under the lease.

Appellant does not base any right of reversal upon the issues tendered by his third and fourth paragraphs of answer and they will not be given further consideration.

Appellee Ostermeyer Realty Company filed a reply in general denial to appellant's second, third and fourth paragraphs of answer.

Trial was had to the court without a jury, resulting in a finding on which, after overruling appellant's motion for a new trial, judgment was rendered in favor of appellee Ostermeyer Realty Company. Appellant appeals, assigning as error for reversal the overruling of his demurrer to the amended complaint and his motion for a new trial. Appellant assigned twenty-one causes for a new trial, the first is that the decision of the court is not sustained by sufficient evidence; the second that the decision is contrary to law, the third that the amount of recovery is too large, the remainder of the causes all relate to the admission of parol testimony over the objection of appellant.

Inasmuch as the same legal principles are involved in determining the correctness of the ruling of the lower court on the demurrer to the amended complaint, and in the admission of parol testimony pertaining to the execution of the lease and the written guaranty and their relation to each other, of which complaint is made in appellant's motion for a new trial, we will consider them together.

The parties agree that any promise made by the appellant to guarantee the performance of the lease on behalf of appellee Great Eastern Hotel Company comes

within the provisions of Clause 2, Sec. 33-101, Burns 1933 (§8363, Baldwin's 1934) and must be in writing.

Appellant contends that the written memorandum above set out is not complete in itself and does not carry recitals therein sufficient to connect it with the lease, the performance of the terms of which, it was alleged to have been given as a guaranty without resorting to parol evidence, thus violating the rule against the introduction of such evidence for the purpose of altering or adding to the terms and conditions of a written contract.

Appellant's position is not tenable in the instant case. Neither the averments of the complaint nor the evidence admitted in support thereof sought to alter or add to the terms of the written guaranty or the lease, but rather, to show the circumstances under which they were entered into and apply the contract to the subject-matter. "It is a well settled rule that parol evidence is admissible to apply a contract to its subject-matter." *Wills* v. *Ross* (1881), 77 Ind. 1. In this case the court further said, "This doctrine applies to contracts of guaranty" and quoted with approval from Brown on the Statute of Frauds as follows: "From these cases it seems the later authorities allow the introduction of parol evidence in this case as in others, to apply the writing relied on, as one made with reference to and in recognition of the contract sued on." In *Roehl* v. *Haumesser* (1887), 114 Ind. 311, 316, 15 N. E. 345, the court said: "The validity of the contract, as it is affected by or under the requirements of the statute of frauds, must be determined by an inspection of the paper. While the contract may be applied to the subject-matter by the aid of extrinsic averments and parol evidence, its validity cannot be thus determined." Later in its opinion the court said (p. 317): "The statute of frauds may be satisfied if the contract

can be extracted from letters written during the course of a correspondence through which the negotiations were carried on."

In construing the sufficiency of the language used in a promissory note to bind the maker, our Supreme Court in the case of *Witty* v. *Michigan, etc., Co.* (1890), 123 Ind. 411, 413, 24 N. E. 141, said:

> "Though there may be some formal imperfections in a written obligation or contract which parties have entered into, if it contains matter sufficient to enable the court to ascertain the terms and conditions of the obligation or contract to which the parties intended to bind themselves, it is sufficient. In the language of Lord CAMPBELL, in *Warrington* v. *Early*, 2 Ellis & Bl. 763, 'the effect of a written contract is to be collected from all within the four corners of the document,' and no part of what appears there is to be excluded. We can imagine no good reason why the marginal figures upon the writing in question should be disregarded."

It has been held that the requirements of the statute are satisfied if the paper constituting the contract are physically joined, or the intention to unite them appears on the face of the papers. *Graham* v. *Henderson Elevator Co.* (1916), 60 Ind. App. 697, 111 N. E. 332. See also *Olcott* v. *McClure* (1911), 50 Ind. App. 79, 98 N. E. 82.

Parol evidence will be received for the purpose of showing contemporaneous facts, circumstances surrounding the parties, the delivery of the contract and reason therefor. *Beckwith* v. *Talbot* (1877), 95 U. S. 289, 24 L. Ed. 496; 27 C. J., sec. 475 and 477, p. 384.

Appellant stresses the fact that the contract of guaranty was dated November 15, 1923, while the lease was dated November 30, 1923, and that therefore there was a patent ambiguity existing between the two writings which could not be explained by parol evidence. This position is likewise untenable.

Commenting upon a similar situation the Supreme Court of Pennsylvania in the case of *Hewes* v. *Taylor* (1872), 70 Pa. 387, 391, said:

"They certainly, together with the parol testimony, prove a mistake in the date of either the plaintiff's or defendant's letters, and in this case it is immaterial which.

"But the mistake is what the learned judge below thought could not be proved without contravening the Statute of Frauds of 1855. We think this was error. It is the agreement to guarantee the debt or default of another, which the act requires to be in writing. The agreement would be good without a date, or even if it had an impossible date. The date is a circumstance of identification as to time only; proof of it does not add to, alter or change the terms of the agreement, although it might be forgery if inserted without consent or authority. I know of no case, however, in which it may not be established by parol proof if omitted in the writing by mistake, in the first place."

The only purpose for which the parol evidence was admitted on this phase of the case was to enlighten the court on the circumstances under which the lease and memorandum of guaranty were executed, the delivery, the reason and purpose thereof. There was no evidence admitted to which our attention has been called, which in any way tended to alter or add to the terms of either of the written documents.

The memorandum of guaranty recites that "For and in consideration of the making and granting *of the lease hereinabove mentioned* to the Great Eastern Hotel Company, etc." (our italics). There was evidence from which the court could find that the lease and guaranty were physically attached to each other, the guaranty following the lease in the order in which they were so attached together and that both the lease and guaranty were signed by the respective parties thereto and delivered upon the same day. *The court did not err in*

overruling the demurrer to the amended complaint nor in the admission of the evidence in support thereof.

The evidence relating to the issues tendered by the second paragraph of appellant's answer was conflicting. The court found against the appellant on this issue. This finding cannot be disturbed by this court.

In the third cause for a new trial appellant complains of the amount of the recovery, and in the twenty-first cause for a new trial he complains of the admission of evidence as to the value of attorney's fees for services of the attorneys representing the appellee Ostermeyer Realty Company, in the presentation of this case, the contention being that the appellant would not be liable as guarantor for any attorney's fees which the Great Eastern Hotel Company may have agreed to pay. The judgment included the sum of $750 as attorney's fees. The lease provided that, "all rent shall be payable without relief from valuation and appraisement laws and with attorney's fees." The contract of guaranty stipulated that, "in case of the failure of the said Great Eastern Hotel Company to pay any money agreed to be paid by the terms of said lease, promptly when the same become due, I hereby agree to pay the same and carry out and perform any and all agreements of said contract in case it shall fail to carry out and perform the same." The contract and guaranty must be construed together. So considered, the appellee Ostermeyer Realty Company was entitled to recover attorney's fees. The court did not err in overruling appellant's motion for a new trial for these two causes. *The Singer, etc., Co.* v. *Forsyth* (1886), 108 Ind. 334, 9 N. E. 372; *American Surety Co.* v. *Lauber* (1899), 22 Ind. App. 326, 53 N. E. 793; *Snider* v. *Greer-Wilkinson Lumber Co.* (1912), 51 Ind. App. 348, 96 N. E. 960.

The decision of the court was sustained by sufficient evidence and was not contrary to law.

Finding no reversible error the judgment is affirmed.