GLOBE CARTAGE COMPANY, INC. *v.* FARMER & OCHS COMPANY ET AL.

[No. 16,414. Filed May 10, 1940. Rehearing denied June 19, 1940.]

248

*Clinton H. Givan* and *Weiss, Seligman & Born,* all of Indianapolis, for appellant.

*James E. Bingham, Charles W. Cook, Jr.,* and *George F. Bingham,* all of Indianapolis; and *Samuel J. Offutt,* of Greenfield, for appellees.

STEVENSON, J.—This action was brought by Farmer & Ochs Company against the appellant and Lester Helderman to recover the balance due on a conditional sale contract executed by the appellee Helderman to

the appellant in the purchase of an automobile truck and trailer. This conditional sale contract was assigned to the appellee, Farmer & Ochs Company, by a written instrument, which assignment guaranteed full performance of said contract and the prompt payment of the notes. The buyer Helderman defaulted in his payments. The motor vehicle was repossessed and sold by the appellee Farmer & Ochs Company and this action was instituted to recover the balance due.

The amended complaint was in one paragraph and alleged generally that on the 24th day of October, 1932, the appellee Helderman purchased from the appellant a tractor and semi-trailer under a conditional sale agreement, a copy of which agreement was filed with the complaint. This contract provided, among other things, that in the event of default in making payment of any installment of the purchase price, the vendor should have the right to repossess said property, sell the same, and the vendee would pay the amount remaining due.

The complaint further avers that after the execution of the contract the appellant sold to the appellee, Farmer & Ochs Company, this contract and the installment notes therein described and the same was transferred and assigned to the appellee by a written assignment. This written assignment reads as follows:

"For Value Received the undersigned hereby sells, assigns and transfers to Farmer & Ochs Company all of the right, title and interest of the undersigned in, to and under the conditional sale agreement on the reverse side hereof made with the undersigned by Lester Helderman covering La France Republic Truck No. 320,017 and Kentucky Semi-Trailer No. 3249, including the notes therein referred to and thereby secured and including the property therein and/or herein described, together with all of the rights of the undersigned with re-

spect to the enforcement thereof and of said notes and with respect to said property, and the undersigned guarantees to Farmer & Ochs Company full performance of said instrument and the prompt payment of said notes and warrants that the property therein and/or herein described is free and clear of any and every claim of any kind whatsoever, other than this instrument.

"Should any deficiency result to Farmer & Ochs Company with respect to the amount due on said notes upon enforcement of said rights as to said property, the undersigned agree to pay Farmer & Ochs Company such deficiency, together with such reasonable expenses and attorney's fees involved in said enforcement of rights to said property, and further agrees that any extension or forbearance which may be granted with respect to said instrument or said notes shall not in any manner release the undersigned from the endorsements or this guaranty."

The complaint further avers that the said Helderman failed to make the payments provided for in said contract and that the appellee repossessed said tractor and trailer and sold the same pursuant to said contract for the sum of $500.00; that after crediting said contract with this sum there was a balance due in the principal sum of $1,764.51, together with interest thereon and $250.00 attorney's fees.

To this amended complaint, the appellant, as defendant, filed an answer in two paragraphs. The first paragraph was in general denial and the second paragraph set up facts tending to show a verbal release of the appellant by the appellee from the contract of guaranty. A reply in general denial to the second paragraph of answer closed the issues, and the case was submitted to the court for trial without a jury.

The court, after hearing the evidence, found for the appellee, Farmer & Ochs Company, against the Globe Cartage Company, Inc., and Lester Helderman, and

rendered judgment against them for the sum of $2,014.50, which included the sum of $250.00 as a fee for the plaintiff's (appellee's) attorneys. A motion for new trial was filed and overruled and this ruling constitutes the error relied upon in this court.

Under this assignment of error, the appellant contends in support of the first reason assigned in the motion for new trial that the amount of recovery is erroneous, the same being too large. The appellant contends that under the evidence there was no authority for the recovery of attorney's fees against the appellant. The appellant contends that under the contract of assignment, the only attorney's fees for which they were liable were those incurred in the recovery of the property. It will be noted from a reading of the written assignment of the conditional sale agreement that "the undersigned guarantees to Farmer & Ochs Company full performance of said instrument and the prompt payment of said notes." The evidence further disclosed that the conditional sale agreement contained the following stipulation: "Upon any default of the payment of the principal or interest of any of said notes, or any extension thereof, or upon failure to pay any amount due on demand under the terms of this contract, the Purchaser agrees to pay the Seller all costs of collection, including attorneys' fees, and disbursements."

It is apparent that full performance of the terms of the conditional sale agreement includes the payment of attorney's fees in the event the services of an attorney are required. This the appellant agreed to do in its contract. Such contract was a direct and absolute undertaking to carry out the provisions of the conditional sale agreement and rendered the appellant primarily liable thereon. *Metzger* v. *Hubbard* (1899), 153 Ind. 189, 54 N. E. 761.

The contract of sale and the contract of guaranty must be construed together. So considered, it is our opinion that the appellees were entitled to recover their attorney's fees necessarily incurred in compelling the performance of this agreement. *Smith* v. *Ostermeyer Realty Co.* (1936), 102 Ind. App. 164, 197 N. E. 743.

The fact that the assignment also contained a guaranty of payment of attorney's fees involved in the enforcement of rights to the motor truck and trailer does not limit the obligation of the appellant in the matter of attorney's fees. By their assignment full performance of the obligations imposed by the contract of sale upon Helderman was guaranteed. This specifically includes the payment of attorney's fees incurred in the enforcement of such obligation.

Complaint is further made that there was no evidence to sustain the decision of the court with respect to the matter set forth in the appellant's second paragraph of answer. On this proposition, it is sufficient to say that we have read the evidence with reference to the claimed release of the appellant from its contract of guaranty and find the same to be conflicting, to say the least. Under such circumstances, this court cannot undertake to weigh the evidence and the trial court was not in error in finding against the appellant on the second paragraph of its answer. There was ample evidence on the question of the services rendered by the appellee's attorneys and the value of such services, and the appellant offered no evidence on this subject.

It is our opinion, therefore, that the court did not err in overruling the appellant's motion for new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 27 N. E. (2d) 121.