REIMER *v.* SHEETS D/B/A RODINS.

[No. 18,992. Filed April 18, 1958.]

*Olczak & Olczak,* of South Bend, for appellant.

*Parker & Parker,* of South Bend, for appellee.

KELLEY, C. J.—Appellant purchased a television set from appellee on Conditional Sales Contract. The agreed price, including antenna installation, was $429.50, payable $109.50 in the form of a trade-in, $100.00 cash, and the balance of $220.00 in three monthly installments.

Appellee instituted this action by complaint in replevin alleging that appellant failed to perform the contract, that $220.00 remains due and unpaid thereon, that appellee made demand upon appellant for delivery of the television set, that appellant unlawfully detains possession thereof from appellee, that by reason of said unlawful detention, appellee has been damaged in the sum of $50.00, and attorney fees of $100.00, and demanding judgment for possession of the property, $150.00 for its detention and attorney fees, and costs. Appellant answered first, under the rules, second, by way of cross-complaint, that the television set failed to function properly, making a tender of the return thereof and demanding return of the trade-in and $100.00 cash payment, and, third, by way of cross-complaint, breach of warranty, rescission of the contract and damages.

Trial of the issues was to the court and resulted in a judgment that appellee have immediate possession of the television receiver and that he recover from appellant attorney fees in the amount of $100.00; that appellant recover of appellee "on account of the implied warranty provided for under statute" the sum of $209.00. Costs were assessed against the appellant. Appellant's motion for a new trial was overruled.

Although appellant makes assertion that the decision of the court is contrary to law in that the evidence fails to establish that he wrongfully or unlawfully detained the property from appellee, yet, the crux of his complaint is, and all his arguments are directly and indirectly devoted thereto, that the court erred in adjudging attorney fees and costs against him. Appellee assigns no cross errors.

As to the finding and judgment against him for costs, we do not think appellant has properly presented the

question. The usual and appropriate method of questioning the taxation of costs is by motion to re-tax and assignment of error that the court erred in overruling such motion. *Johnson* v. *Citizens State Bank* (1914), 57 Ind. App. 348, 107 N. E. 35. Appellant did not follow such procedure but insists that the question is presented under the specification in his motion for new trial that the court erred "in the assessment of the amount of recovery against the defendant for the detention of property." It is apparent, by quotation only, that said specification does not comply with the requirements of Clause 5, Sec. 2-2401, Burns' 1946 Replacement, and is impotent to present the question. *Boggs* v. *Toney* (1912), 50 Ind. App. 289, 290, points 1, 2, 98 N. E. 306.

Appellee, in his brief, concedes that his action was in replevin. It was declared in *Associates Investment Company* v. *Shelton* (1952), 122 Ind. App. 384, 105 N. E. 2d 354, following *Davis et al.* v. *Crow* (1844), 7 Blackf. 129, that the prevailing party in a replevin action was not entitled to attorney fees. Appellee's complaint did not count upon the contract and did not make the contract a part thereof by copy or attached exhibit. However, appellant's cross-complaint was a recognition by him of the contract. It follows that if, as appellee contends, the contract makes provision for attorney fees in an action for possession of the property, such provision would control as the express agreement of the parties.

The contract provides, in part,

"I agree to pay . . . the amount of said Time Balance in 2 equal installments of $73.00 each and one (the last) installment of $74.00 commencing . . ., and paying one such installment on the 21 day of each month successively thereafter until fully paid, all without relief from valuation and appraisement laws, and with at-

torney fees and collection charges. If any of said installments or parts thereof be not paid when due, then all unpaid installments shall immediately become due at the option of the owner hereof without demand."

It is obvious that the attorney fees provided for in said provision of the contract are allowable in an action brought to recover the unpaid installments by the party entitled thereto and have no reference to attorney fees in an action only for possession of the property. Nor does appellee so contend. It is the latter's contention that he was proceeding under the provision of the contract hereafter quoted, referred to as a 'deficiency clause,' and "is entitled to avail himself of all its terms which include the right to recover attorney fees."

Said contract further provides, in pertinent part:

"Title to said chattels shall remain in said seller or his assignee until this contract is fully performed by me. . . . . Time is of the essence of this agreement and if I am in default in the payment of any sum due under this contract or fail to keep and perform any promise or agreement herein made by me, all of my right to the possession of said chattels and all of my interest therein, shall thereupon terminate and the owner of this contract may take possession of said chattels, either with or without demand or notice and by or without process of law . . . . . . . . . *If, upon so obtaining possession of said chattels the owner thereof sells the same* pursuant to the provisions of the laws of the State of Indiana *and the Time Balance is not fully satisfied from the proceeds of such sale, I agree to pay the remainder of such Time Balance* forthwith without demand or notice, without relief, from valuation and appraisement laws, and *with such attorney's fees and other charges as are legal and permitted under the laws of the State of Indiana.*" (Our italics.)

As exhibiting the position of appellee with reference to the last above quoted provision of the contract, we

quote from his brief: "the attorney's fees arise as a charge against the buyer (appellant) by the terms of the contract. The last sentence of the third paragraph, the small printed part of the conditional sales contract as set out, refers to the collection of attorney's fees and this sentence deals with the seller's right to recover any deficiency *upon the sale of the property.* . . . It is the contention of the appellee that any fair interpretations of the . . . contract herein questioned must affirm the allowance of attorney's fees for whatever action is necessary to allow the seller to pursue his remedies under the terms of the contract and if . . . the seller is forced to replevy the property attorney's fees are recoverable for this action." (Italics and brackets are ours.) This argument is followed by the citation of and quotation from *Globe Cartage Company, Inc.* v. *Farmer & Ochs Company et al.* (1940), 108 Ind. App. 247, 27 N. E. 2d 121, upon which appellee apparently relies.

It is evident from the last above quoted portion of the contract (the deficiency clause) that (1) upon default of the buyer, the seller may take possession of the property, either with or without process of law (and in so doing the seller, by virtue of the deficiency clause, does not disaffirm the contract so as to prevent his recovery of the deficiency, *LaSalle Finance Company* v. *De Jarnett* (1932), 95 Ind. App. 468, 181 N. E. 164), (2) the seller may sell the repossessed property and apply the proceeds to the Time Balance, and (3) hold the buyer liable for the remainder of the Time Balance, with attorney fees and other legal charges.

Appellee's difficulty, in asserting his right to attorney fees in this action, lies in the fact that he has not yet sold the repossessed property (as is his right under the terms of the contract) and applied the proceeds thereof to the Time Balance pro-

vided for. Until that is done there is no certainty that there will be any Time Balance remaining unpaid. And until there is a certainty of an unpaid Time Balance in some amount, the contract provides no liability of the buyer for attorney fees. Appellee seems to recognize this for he says, as quoted above from his brief, that the sentence deals with the seller's right to recover any deficiency "upon the sale of the property." Since it seems that attorney fees are not a proper element for recovery in a replevin action, the right of appellee to a recovery thereof depends entirely upon and is a matter of the express contract between him and the appellant. We do not find that a "fair interpretation" of the contract here involved "must affirm" that because appellee was "forced" to replevy the property "attorney fees are recoverable," as appellee urges. There appears nothing in the contract which authorizes appellee's recovery of attorney fees in this action.

The Globe Cartage case (108 Ind. App. 247), *supra*, lends no help to appellee's cause. The facts as recited by the court in that case are dissimilar to the facts in the instant one. In that case, the appellee, Helderman, purchased an automobile truck and trailer from the appellant, Globe Cartage Co., Inc., under a conditional sales contract. The contract was assigned to the appellee, Farmer & Ochs Company. Helderman defaulted in his payments and the Farmer & Ochs Company repossessed the motor vehicle and sold it, crediting the contract with the proceeds of the sale. After such credit, an unpaid balance remained due on the contract to recover which the Farmer & Ochs Company brought action against Helderman and the Globe Cartage Co., and recovered the unpaid balance and attorney fees. That case exactly illustrates the vulnerable position of appellee in this case. The assignee of the contract in that case repossessed the property, sold it, applied

the proceeds of sale to the amount due, and *then* brought its action for the remaining unpaid balance and attorney fees. That is the exact procedure provided for in appellee's contract with appellant in order to warrant the recovery of attorney fees. Under his contract, appellee's complaint for attorney fees was premature and the court's allowance thereof was contrary to law and an error in the assessment of the amount of recovery.

We have carefully considered the record and the various contentions of the parties on this appeal and find no other reversible error disclosed by the record. The erroneous part of the judgment, however, may be separated from the balance thereof, and the same may be affirmed if a remittitur of $100.00 is filed.

If within thirty days the appellee shall file in the office of the Clerk of this court a remittitur in the sum of $100.00 on the judgment appealed from, said judgment will stand affirmed. Otherwise, the judgment is reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 149 N. E. 2d 554.