FILED

Aug 27 2019, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Mark L. Abrell
Muncie, Indiana

ATTORNEY FOR APPELLEE

Danyel N. Struble
Beasley & Gilkison, LLP
Muncie, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Mark Abrell,

*Appellant-Defendant/Counterclaim-Plaintiff,*

v.

Delaware County Regional
Wastewater District,

*Appellee-Plaintiff/Counterclaim-Defendant.*

August 27, 2019

Court of Appeals Case No.
19A-PL-585

Appeal from the Delaware Circuit
Court

The Honorable Linda Ralu Wolf,
Judge

Trial Court Cause No.
18C03-1809-PL-72

**Bailey, Judge.**

## Case Summary

[1]     Mark Abrell ("Abrell") appeals an order denying him compensation for legal

work he performed pursuant to a contract with the Delaware County Regional

Wastewater District ("the District") and ordering that he pay all attorney's fees

incurred by the District in pursuing a replevin claim against Abrell and

defending against Abrell's counterclaim.  We reverse and remand with instructions to the trial court to determine the contractual fees Abrell is owed by the District.

# Issues

Abrell presents two issues for review:

> I.      Whether the trial court clearly erred in denying his claim for contractual attorney's fees; and

> II.     Whether the District was entitled to an award of attorney's fees from Abrell as damages in the replevin action or as a sanction for engaging in meritless litigation.

# Facts and Procedural History

On January 2, 2006, Abrell, who is an attorney, and the District entered into an Agreement for Professional Services whereby Abrell would provide legal services for the District.  The District agreed to pay Abrell: (1) a retainer of $600.00 per month, which included time spent at two regular monthly meetings and unlimited telephone calls; (2) $175.00 per hour for legal work "in excess of the time covered by the monthly retainer"; and (3) contingency fees collected from debtors in collection matters.  (Exhibit D.)

Abrell presented his bills for legal services performed through February 24, 2017 and the District paid the bills submitted.  Abrell prepared for and appeared at the District meeting on March 1, 2017.  At that meeting, Abrell was discharged

as the attorney for the District. Abrell sent a final bill for $880.00, but the District's board members decided "not to pay the bill." (Tr. Vol. II, pg. 26.)

[5] In June of 2017, the District's new counsel took the active collections files from Abrell. On August 14, 2017, the District counsel sent a demand letter to Abrell regarding other files. Counsel issued a "final request" for the return of files and advised Abrell that "the District has voted to not pay the final bill you submitted." (Exhibit A.) Counsel explained the District's position that Abrell had collected "unreasonable" fees in the past because the monthly meetings had been reduced from two to one as of June 2015, without reduction in the retainer amount. *Id.*

[6] In response, Abrell advised the District that he was retaining a statutory attorney's lien on his former client's files. He asserted that his final bill included several hours of preparation work and, as to past billings that had been paid, he expressed his position that "the District business was condensed into one meeting instead of two which meant more work preparing for the one meeting." (Exhibit C.)

[7] In March of 2018, the District filed with the Indiana Supreme Court Disciplinary Commission a complaint against Abrell, alleging among other things that he had wrongfully retained the District's files. The complaint was dismissed for failure to raise a substantial question of misconduct warranting attorney discipline. On September 6, 2018, the District filed a complaint for replevin, to recover files in Abrell's possession.

[8]     Abrell filed a counterclaim, seeking payment of his final bill of $880.00 and his portion of contingency fees related to collection matters. On December 3, 2018, the District agreed to post a security bond of $880.00 and Abrell tendered the requested files to the District. The District also put $1,700.00 into escrow to cover contingency fees due Abrell on collections matters.

[9]     On January 29, 2019, the parties appeared for a bench trial, with Abrell appearing pro se. At the outset, the District's counsel advised "I don't think there is anything left in regards to obtaining the files" and requested that the trial court adjudicate Abrell's counterclaim and the District's request for attorney's fees. (Tr. Vol. II, pg. 8.) Abrell testified in narrative form and the District's counsel affirmatively agreed with Abrell's summarization of the facts.[1] The District then presented its sole witness, District Board President Ray Maynard ("Maynard"), "to explain why the board chose not to pay that [final bill]." *Id.* at 23. Maynard testified that the final bill included an itemization for services that should have been covered by the retainer but also he "had issues with the monthly retainer" because the agreement contemplated two monthly meetings and the meetings had been reduced to one due to "lack of business." *Id.* at 27. He acknowledged that the March 2017 bill had not been paid and the prior bills had been paid without protest.

---

[1] Counsel later clarified: "We may have a sharing situation on some of those [bills] for contingent cases. But everything else that he stated I think we agree with." (Tr. Vol. II, pg. 23.)

[10] At the conclusion of the hearing, the trial court directed the parties to attempt to settle the claim for contingency fees, with the following guidance. If Abrell alone had worked on a collection case, the entire contingency fee would be his and if both counsel had performed legal services on a District case, Abrell's share would be calculated on a quantum meruit basis. Thereafter, the parties advised the trial court that they had reached an agreement and the District paid Abrell $1,341.50 from the escrow funds. The District also submitted to the trial court a revised attorney's fees request including the hours expended to examine files and reach settlement.

[11] On March 7, 2019, the trial court issued a judgment against Abrell for $4,973.50 (comprised of the entirety of the District's attorney's fees of $4,816.50 and a filing fee of $157.00). Abrell's counterclaim for his final bill in the amount of $880.00 was denied. Abrell now appeals.

# Discussion and Decision

## Standard of Review

[12] When, as here, issues are tried upon the facts by the court without a jury, and the trial court enters specific findings sua sponte, we apply a two-tiered standard: whether the evidence supports the findings, and whether the findings support the judgment. *Trust No. 6011, Lake Cty. Trust Co. v. Heil's Haven Condos. Homeowners Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012). Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences to support them. *Id.* A judgment is

clearly erroneous when our review of the record leaves us with a firm conviction that a mistake has been made. *Id.* We defer substantially to findings of fact but not to conclusions of law. *Id.*

## Counterclaim for Final Billing

[13] The trial court disposed of Abrell's counterclaim as follows:

> As to the issue of the contested attorney fees payable to Defendant, Mark Abrell, Court finds that the Plaintiff does not owe this contested fee and the Counterclaim filed [by] Defendant should be denied. The original contract between the parties provided for a retainer fee of $600.00 per month for two monthly meetings of Plaintiff. In 2015, Plaintiff reduced the frequency of board meetings to once per month, due to the reduction in the amount of business that needed to be conducted. Early in 2017, there was a discrepancy and disagreement as to what activities were considered a part of Defendant's monthly retainer. As a result of this disagreement, the Board had a vote on whether or not to pay the final bill of $880.00 to Defendant and, by a majority vote, payment was denied.
>
> Rule 1.5 of the Professional Rules of Conduct states that an attorney cannot charge an unreasonable fee.

Appealed Order at 2.

[14] To the extent that the language suggests Abrell was discharged due to a billing dispute or a bill was disputed prior to his discharge, it lacks evidentiary support. The parties agreed upon the salient facts; the evidentiary record disclosed: Abrell and the District were parties to a contract for legal services for more than eleven years; District meetings were reduced from two per month to one per

month in 2015; the District paid Abrell's bills inclusive of February 2017 services, without protest; Abrell prepared for and appeared at the March 1, 2017 meeting where he was discharged upon an allegation unrelated to billing; subsequently, new counsel sent Abrell a letter taking the position that Abrell had been overpaid in the past.

[15] The interpretation and construction of a contract is a function for the courts. *Stenger v. LLC Corp.*, 819 N.E.2d 480, 484 (Ind. Ct. App. 2004), *trans. denied*. When contract terms are clear and unambiguous, the terms are conclusive and we do not construe the contract or look to extrinsic evidence, but will merely apply the contractual provisions. *Id.* The District unilaterally terminated the Agreement for Professional Services but had not done so when Abrell prepared for and appeared at the March 1, 2017 meeting. He has received no payment for those services. Although the District came to believe that they had overpaid in the past, and the trial court found this argument persuasive, it is irrelevant to the counterclaim before the trial court. The District did not pursue a claim for disgorgement of attorney's fees it had paid, nor was this an attorney disciplinary action. Indeed, Abrell prevailed upon the collateral disciplinary complaint. The District was contractually bound to pay Abrell for his legal services performed but uncompensated as of March 1, 2017 and we therefore remand for a determination of a reasonable fee.

## Attorney's Fees Award to the District

[16] The trial court awarded the District the entirety of its attorney's fees, stating:

> As a result of Defendant's unwillingness to return files to Plaintiff prior to December 13, 2018, Plaintiff is entitled to damages for failing to return files in a timely manner. Plaintiff was forced to engage its current legal counsel to initiate this case and proceed with an evidentiary hearing against the Defendant. The filing fee for this case is $157.00.
>
> Further I.C. 34-52-1-1 provides for attorney fees to be awarded to the party recovering judgment. Plaintiff should be awarded attorney fees to be paid by Defendant in this case. It is unreasonable that it took twenty-two (22) months for the Defendant to return the files to Plaintiff.

(Appealed Order at 2.)

Indiana adheres to the "American Rule" with respect to the payment of attorney's fees, which requires each party to pay his or her own attorney's fees absent an agreement between the parties, statutory authority, or rule to the contrary. *Fackler v. Powell*, 891 N.E.2d 1091, 1098 (Ind. Ct. App. 2008), *trans. denied*.

The District brought a replevin complaint against Abrell, pursuant to Indiana Code Section 32-35-2-1, which provides in relevant part:

> If any personal goods, including tangible personal property constituting or representing choses in action, are:
>
> (1) wrongfully taken or unlawfully detained from the owner or person claiming possession of the property …
>
> the owner or claimant may bring an action for the possession of the property.

[19] Indiana Code Section 32-35-2-33 provides that judgment for the plaintiff upon a replevin action may be for (1) delivery or the value of the property and (2) damages for the detention of the property. It includes no statutory provision for the payment of attorney's fees. *See also Associates Inv. Co. v. Shelton*, 122 Ind. App. 384, 390, 105 N.E.2d 354, 356 (1952); *Reimer v. Sheets*, 128 Ind. App. 400, 402, 149 N.E.2d 554, 555 (1958) (prevailing parties in replevin actions are not entitled to attorney's fees as damages). The trial court's award of attorney's fees to the District is not supportable on this basis.

[20] Additionally, the trial court referenced Indiana Code Section 34-52-1-1, which provides for the payment of attorney's fees when a litigant has pursued a claim or defense that is frivolous, unreasonable, or groundless. Although factual findings are reviewed under a clearly erroneous standard, we review de novo a trial court's conclusion that a party engaged in meritless litigation. *Kahn v. Cundiff*, 533 N.E.2d 164, 167 (Ind. Ct. App. 1989), *aff'd* 543 N.E.2d 627 (Ind. 1989). A claim or defense is "frivolous" if it is taken primarily for the purpose of harassment, if the attorney is unable to make a good faith and rational argument on the merits of the action, or if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. *Id.* at 170. A claim or defense is "unreasonable" if, based on the totality of the circumstances, including the law and the facts known at the time of filing, no reasonable attorney would consider that the claim or defense was worthy of litigation. *Id.* at 170-71. A claim or

defense is "groundless" if no facts exist which support the legal claim presented by the losing party. *Id.* at 171.

[21] Here, the factual determination made by the trial court that the length of time Abrell retained certain files was "unreasonable" is not equivalent to presenting an "unreasonable" claim or defense. Moreover, Abrell substantially prevailed upon his counterclaim when he recovered significant contingency fees. Indeed, the District did not deny that Abrell was entitled to some recovery of fees and set aside an escrow fund for that purpose. Notably, in argument before the trial court, the District's attorney clarified: "I am not saying Mr. Abrell's claim is frivolous[.]" (Tr. Vol. II, pg. 44.) The award of attorney's fees to the District is not supportable on grounds that Abrell engaged in meritless litigation.

# Conclusion

[22] Pursuant to the Agreement for Professional Services, Abrell is entitled to reasonable fees for his uncompensated legal work prior to his discharge as the District's attorney. The District did not demonstrate its entitlement to an award of attorney's fees.

[23] Reversed and remanded for further proceedings consistent with this opinion.

Najam, J., and May, J., concur.