

APPELLANT PRO SE

Gordon A. Etzler
Gordon A. Etzler & Associates, LLP
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

John Lowrey
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gordon A. Etzler,

*Appellant-Plaintiff,*

v.

Indiana Department of Revenue,

*Appellee-Defendant.*

March 3, 2015

Court of Appeals Cause No.
50A04-1406-PL-285

Appeal from the Marshall Superior
Court

The Honorable Curtis D. Palmer,
Judge

Case No. 50C01-1308-PL-39

**Robb, Judge.**

# Case Summary and Issue

Gordon Etzler, *pro se*, appeals the trial court's award of summary judgment in favor of the Indiana Department of Revenue (the "Department"). Etzler raises two issues for our review: (1) whether the trial court abused its discretion by denying Etzler's motion to strike an affidavit designated by the Department in

support of its motion for summary judgment; and (2) whether the trial court erred by awarding summary judgment to the Department. Concluding Etzler is entitled to summary judgment, we reverse.[1]

## Facts and Procedural History

On December 20, 2000, the Department filed four tax warrants in Marshall County for unpaid income taxes owed by Dale Dodson. On July 16, 2010, the Department renewed its tax warrants in Marshall County, extending their life for an additional ten years.

On November 16, 2010, Etzler filed a UCC Financing Statement with the Indiana Secretary of State, asserting an interest in any breeder's award proceeds owed to Dodson by the Indiana Horse Racing Commission. On November 17, 2010 and October 13, 2011, the Department levied against two separate breeder's awards in the amounts of $7,400 and $4,100, respectively. The funds were payable to Dodson but were intercepted and withheld by the Indiana State Auditor prior to deposit in Dodson's bank account. The funds were used to satisfy Dodson's outstanding tax liabilities.

Etzler sent several letters to the Department claiming a right to the breeder's award funds and demanding that the funds be paid to him. The Department

---

[1] The resolution of Etzler's motion to strike does not affect the outcome of this case. Therefore, we focus only on the issue of which party is entitled to summary judgment. We note, however, that the facts contained in the affidavit Etzler challenges are the same facts on which he relies in his Appellant's Brief.

denied that Etzler had a superior interest in the funds and refused his demands for payment. Etzler sought an administrative review hearing to challenge the validity of Dodson's tax liability, but the Department denied Etzler's request. Etzler then brought an action with the Indiana Tax Court, but the case was dismissed for lack of subject matter jurisdiction on November 21, 2011. *See Etzler v. Indiana Dep't of State Revenue*, 957 N.E.2d 706, 709-10 (Ind. T.C. 2011).

[5] On November 11, 2012, Etzler filed a complaint against the Department in Porter County. On June 7, 2013, the case was transferred to Marshall County as the proper venue. Once in Marshall County Superior Court, both parties filed motions for summary judgment and designated evidence in support thereof. Etzler filed a motion to strike the affidavit of Shawna Cole, which was designated by the Department in support of its motion for summary judgment. On April 29, 2014, the trial court granted the Department's motion for summary judgment, denied Etzler's motion for summary judgment, and denied Etzler's motion to strike. Etzler then filed a motion to correct error, which the trial court summarily denied. This appeal followed.

# Discussion and Decision

## I. Summary Judgment

[6] Etzler contends the trial court erred by granting the Department's motion for summary judgment and also by denying his own motion for summary judgment. When reviewing a trial court's award of summary judgment, we apply the same standard as the trial court. *Manley v. Sherer*, 992 N.E.2d 670,

673 (Ind. 2013). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Our review is limited to facts designated to the trial court. *Meredith v. Pence*, 984 N.E.2d 1213, 1218 (Ind. 2013). All factual inferences are made in favor of the non-moving party, and we resolve all doubts as to the existence of an issue of material fact against the moving party. *Manley*, 992 N.E.2d at 673. "The fact that the parties have filed cross-motions for summary judgment does not alter our standard for review. We consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Asklar v. Gilb*, 9 N.E.3d 165, 167 (Ind. 2014) (citation omitted). The appellant has the burden of demonstrating that summary judgment was erroneous. *Amaya v. Brater*, 981 N.E.2d 1235, 1239 (Ind. Ct. App. 2013), *trans. denied*. Questions of statutory construction, which this case presents, are questions of law that are reviewed de novo. *Moryl v. Ransone*, 4 N.E.3d 1133, 1137 (Ind. 2014).

[7] If the Department determines that a person owes tax to the State, then it must issue a demand notice ordering that person to pay. Ind. Code § 6-8.1-8-2(a). If the person fails to comply with the demand within ten days, then the Department may issue a tax warrant for the amount of tax owed plus additional fees, costs, and penalties. Ind. Code § 6-8.1-8-2(b). The Department may issue a tax warrant in any county where the person owns property, and a circuit court clerk receiving a tax warrant shall record the tax warrant as a judgment against the taxpayer. Ind. Code § 6-8.1-8-2(c) & (d).

(e) When the entry is made, the total amount of the tax warrant becomes a judgment against the person owing the tax. The judgment creates a lien in favor of the state that attaches to all the person's interest in any:

> (1) chose in action in the county; and

> (2) real or personal property in the county;

excepting only negotiable instruments not yet due.

Ind. Code § 6-8.1-8-2(e).

[8] The Department may collect the tax debt by utilizing the services of the county sheriff, *see* Ind. Code §§ 6-8.1-8-3, or it "may proceed in the same manner that any debt due the state is collected . . . ." Ind. Code § 6-8.1-8-4. The Department also has some authority to unilaterally collect without further judicial proceedings; that authority is provided for as follows:

> After a tax warrant becomes a judgment under section 2 of this chapter, a tax warrant is returned uncollected to the department under section 3 of this chapter, or the taxpayer does not pay the amount demanded under section 2(b) of this chapter and the taxpayer has taken an action under section 2(n) of this chapter to foreclose the lien, the department may take any of the following actions without judicial proceedings.
>
> > (1) The department may levy upon the property of the taxpayer that is held by a financial institution . . .
> >
> > (2) The department may garnish the accrued earnings and wages of a taxpayer by sending a notice to the taxpayer's employer. . . .
> >
> > (3) The department may levy upon and sell property . . . .

Ind. Code § 6-8.1-8-8.

[9] The parties' dispute turns on who had priority in the breeder's award proceeds and whether the Department had authority to levy the proceeds in the manner

it did. "Under the common law, priority in time gives a lien priority in right." *Johnson v. Johnson*, 920 N.E.2d 253, 256 (Ind. 2010). In other words, where a debtor owes to multiple creditors, the creditor who first perfects its interest in the debtor's property has the right to collect on that property first.

[10] The Department filed its tax warrants in 2000 and renewed them in 2010—well before Etzler filed his first UCC Financing Statement in 2011. The Department contends that because its liens were established first, it had a superior interest in the breeder's award proceeds and properly exercised its authority to levy on the proceeds pursuant to Indiana Code § 6-8.1-8-8. The Department's argument rests on its conclusory assertion that "Indiana law does not limit the Department's ability to levy on property to satisfy judgment liens *by county*." Brief of Appellee at 11 (emphasis added). Our own inspection of the relevant code sections leads us to a different conclusion.

[11] Although Indiana Code section 6-8.1-8-8 does not specifically reference a county-based limit on the Department's collection methods, Indiana Code chapter 6-8.1-8 is laden with indications that the Department's tax warrant liens are effective county-by-county. Our law states that once a judgment on a tax warrant has been entered that judgment "creates a lien in favor of the state that attaches to all the person's interest in any: (1) chose in action *in the county*; and (2) real or personal property *in the county* . . . ." Ind. Code § 6-8.1-8-2(e) (emphasis added). Moreover, the Department's assertion that a judgment entered in one county gives it authority to levy on property statewide is contradicted by the law's contemplation that tax warrants may be filed in

multiple counties. *See* Ind. Code § 6-8.1-8-2(a) ("If the department files a tax warrant in more than one (1) county, the department is not required to issue more than one (1) demand notice.").

[12] The Department relies on Indiana Code section 6-8.1-8-8 for a grant of authority to levy on property anywhere in the state, but the authority in that section is conditioned such that it may be exercised "[a]fter a tax warrant becomes a judgment *under section 2 of this chapter* . . . ." Ind. Code § 6-8.1-8-8 (emphasis added). We read this statute to mean that the Department's authority to collect upon its lien "without judicial proceedings" is limited to the property "in the county" in which a tax warrant was issued and a judgment created pursuant to Indiana Code section 6-8.1-8-2. Presumably, the Department must utilize other methods and resources to collect on property of the taxpayer in a county other than one in which a tax warrant has been issued. *See, e.g.,* Ind. Code §§ 6-8.1-8-4 and -8.5.[2] It does not appear that that the Department issued a tax warrant in any county other than Marshall County, nor did it attempt to enforce the judgment by execution, initiate proceedings supplementary, or engage in any other action available to it in order to satisfy

---

[2] "When the department collects a judgment arising from a tax warrant, it may proceed in the same manner that any debt due the state is collected, except as provided in this chapter. The department my employ special counsel or contract with a collection agency for the collection of a delinquent tax . . . ." Ind. Code § 6-8.1-8-4(a).

"For purposes of this chapter, a judgment arising from a tax warrant is enforceable in the same manner as any judgment issued by a court of general jurisdiction. . . . The department may initiate proceedings supplementary to execution in any court of general jurisdiction in a county in which a judgment arising from a tax warrant has been recorded." Ind. Code § 6-8.1-8-8.5(a)-(b).

the judgment. We conclude that because the judgment resulting from the Department's Marshall County tax warrant only creates a lien on property "in the county," Ind. Code § 6-8.1-8-2(e), and because the Department did not take measures to establish a lien on property located in any other county, the Department's ability to levy on Dodson's property was limited to Marshall County.

[13] The Department levied on the breeder's award proceeds prior to their deposit in Dodson's bank account and thus prior to the Department's ability to collect directly from a financial institution under Indiana Code section 6-8.1-8-8(1). The Department does not dispute that the funds were located outside of Marshall County at the time they were seized. Consequently, we conclude that the Department did not have authority to levy on the breeder's award proceeds and that it is not entitled to summary judgment.

[14] Further, the Department does not dispute that Etzler filed a valid UCC Financing Statement that perfected his interest in the breeder's awards. Therefore, Etzler was entitled to collect the breeder's award proceeds, and his motion for summary judgment should have been granted.

# Conclusion

[15] We conclude that Etzler had priority in the breeder's award proceeds and that the Department did not have statutory authority to levy upon those proceeds in the manner it did. Therefore, the trial court erred by awarding summary

judgment to the Department and denying Etzler's motion for summary judgment.

Reversed.

Bailey, J., and Brown, J., concur.