

**FILED**

Aug 06 2015, 8:30 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Chad J. Sullivan | Lincoln A. Baker |
| Jackson Kelly PLLC | Lincoln A. Baker, PC |
| Evansville, Indiana | Petersburg, Indiana |

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Smith,<br>*Appellant-Defendant,*<br><br>v.<br><br>M&M Pump & Supply, Inc.,<br>*Appellee-Plaintiff* | August 6, 2015<br><br>Court of Appeals Cause No.<br>28A01-1502-CC-57<br><br>Appeal from the Green Circuit Court<br>The Honorable Erik Allen, Judge<br>Case No. 28C01-1212-CC-330 |

**Robb, Judge.**

# Case Summary and Issues

[1] David Smith appeals the trial court's award of summary judgment in favor of
M & M Pump & Supply, Inc. Smith raises several issues concerning the court's
summary judgment: (1) whether Smith's status as a guarantor is invalid; (2)
whether the trial court erred by granting summary judgment to M & M when it
is listed as a creditor of Smith's co-debtor in bankruptcy; (3) whether a failure
by M & M to perfect a security interest in collateral limits Smith's contractual

liability; and (4) whether the trial court erred by concluding that Smith was liability for attorney fees and prejudgment interest. Concluding the trial court did not err by awarding summary judgment to M & M, we affirm.

## Facts and Procedural History

[2]     Smith was once employed at Lily Group, Inc., as a coal mine superintendent. On August 23, 2011, on behalf of Lily Group, Smith signed a credit agreement with M & M. Smith also signed a section of the agreement that stated he would act as a guarantor in the event of a breach of contract by Lily Group. That portion of the agreement stated:

GUARANTEE
(Preferably owner of Business Organization with largest ownership interest)

The individual who signs below personally guarantees to M & M Pump & Supply Company, Inc. that if the Business Organization identified above fails to pay any of the amounts owed either under an invoice or under this Agreement, the individual will pay to M & M Pump & Supply Company, Inc. that amount owed within 30 days after written demand is received from M & M Pump & Supply Company, Inc. The individual who signs below understands that credit would not be extended without this guarantee and waives any right to notice of default or presentment.

Appellant's Appendix at 23. After execution of the agreement, M & M began furnishing mining equipment to Lily Group.

[3]     Lily Group eventually defaulted on payment to M & M, and M & M filed suit against Lily Group and Smith on December 6, 2012. Lily Group entered into an agreed judgment with M & M and subsequently filed for bankruptcy. On

September 27, 2013, M & M requested summary judgment against Smith, and Smith filed a cross-motion for summary judgment on October 23, 2013. The trial court granted summary judgment to M & M on July 1, 2014. On January 14, 2015, the trial court entered a corrected judgment, again in favor of M & M. The judgment concluded that Smith is liable to M & M in the amount of $63,913.26, which includes attorney fees, costs, and prejudgment interest. This appeal followed. Additional facts will be provided as necessary.

# Discussion and Decision

## I. Standard of Review

When reviewing a trial court's ruling on summary judgment, we apply the same standard as the trial court. *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). "The fact that the parties have filed cross-motions for summary judgment does not alter our standard for review. We consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Asklar v. Gilb*, 9 N.E.3d 165, 167 (Ind. 2014) (citation omitted). The appellant has the burden of demonstrating that the summary judgment ruling was erroneous. *Amaya v. Brater*, 981 N.E.2d 1235, 1239 (Ind. Ct. App. 2013), *trans. denied*.

## II. Validity of Smith's Guarantor Status

[5] First, Smith claims that he is not contractually bound by the terms of the contract's guarantee provision because he did not receive adequate consideration to make him a valid guarantor. Indeed, adequate consideration is necessary for the creation of a valid contract. *See Conwell v. Gray Loon Outdoor Mktg. Grp., Inc.*, 906 N.E.2d 805, 812-13 (Ind. 2009) ("The basic requirements for a contract are offer, acceptance, consideration, and a meeting of the minds of the contracting parties."). However, there is no dispute that Lily Group received adequate consideration for entering into this agreement with M & M, and no additional consideration is necessary to enforce Smith's guarantee under these circumstances. If a guarantee is made contemporaneously with the principal contract, then consideration sufficient to create the contract is also sufficient to support the guarantee. *Jackson v. Luellen Farms, Inc.*, 877 N.E.2d 848, 858-59 (Ind. Ct. App. 2007). "[I]t is not necessary for a guarantor to derive any benefit from the principal contract or the guarantee for consideration to exist." *Id.* at 858 (citation omitted).

[6] Smith also argues that the trial court improperly decided a genuine issue of fact where its order stated that "[t]he Court rejects Defendant Smith's argument that he did not know he was signing a Guarantee." Appellant's App. at 75. However, Smith's argument on this point cannot create a genuine issue of fact. "Under Indiana law, a person is presumed to understand the documents which he signs and cannot be released from the terms of a contract due to his failure to read it." *Clanton v. United Skates of America*, 686 N.E.2d 896, 899-900 (Ind. Ct.

App. 1997). Therefore, even if it were true that Smith did not know what he was signing or did not read the Guarantee, which is unambiguously a personal guarantee clause, his mistake would not preclude summary judgment.

## III. Pending Bankruptcy of Co-Debtor

[7] Next, Smith claims that it was improper for the trial court to enter summary judgment against Smith while M & M is listed as a creditor in Lily Group's pending bankruptcy proceedings. Specifically, Smith argues that this was improper because it has not yet been determined that Lily Group, as the primary debtor, will not pay the amount owed.

[8] The Guarantee was triggered when Lily Group defaulted under the contract. M & M was not required to wait until completion of Lily Group's bankruptcy proceedings to pursue the contract's guarantor. Further, Smith directs us to no legal barrier that prevents a creditor from pursuing a guarantor when the principal debtor has filed for bankruptcy. We find no legal error in the trial court's award of summary judgment during the pendency of the primary debtor's bankruptcy proceedings.

## IV. Impairment of Collateral

[9] Smith contends that the court's summary judgment order was erroneous because M & M failed to perfect a security interest in the equipment sold to Lily Group and impaired the value of collateral that could have mitigated the debt. "In Indiana, the guarantor of a debt may seek to avoid personal liability in a suit by a creditor by asserting the impairment of collateral defense." *Cole v.*

*Loman & Gray, Inc.*, 713 N.E.2d 901, 904 (Ind. Ct. App. 1999).  A creditor's

failure to perfect a security interest constitutes an impairment of collateral.  *Id.*

Smith argues that M & M failed to perfect a purchase money security interest.

*See* Ind. Code § 26-1-9.1-103.  M & M counters that no security interest or

collateral existed in this case.

[10]   [A] security interest is enforceable against the debtor and third parties
with respect to the collateral only if:

(1)  value has been given;

(2)  the debtor has rights in the collateral or the power to
transfer rights in the collateral to a secured party; and

(3)  one (1) of the following conditions is met:

(A)  The debtor has authenticated a security agreement
that provides a description of the collateral . . .

(B)  The collateral is not a certificated security and is in
the possession of the secured party under IC 26-1-
9.1-313 pursuant to the debtor's security agreement.

(C)  The collateral is a certificated security in registered
form and the security certificate has been delivered
to the secured party under IC 26-1-8.1-301 pursuant
to the debtor's security agreement.

(D)  The collateral is deposit accounts, electronic chattel
paper, investment property, letter-of-credit rights, or
electronic documents, and the secured party has
control . . . pursuant to the debtor's security
agreement.

Ind. Code § 26-1-9.1-203(b).[1]  Here, the credit agreement signed by Smith does

not reference "collateral," a "security interest," or any "secured party," and

---

[1] Subsection (b) of Indiana Code section 26-1-9.1-203 is subject to several caveats, *see* Ind. Code §26-1-9.1-203(c)-(i), none of which are applicable in this case.

Smith does not direct this court to a security agreement executed by the parties. Accordingly, no security interest was created in or attached to the equipment sold to Lily Group. M & M cannot have impaired the value of collateral where no security interest existed for M & M to perfect.

## V. Attorney Fees and Prejudgment Interest

Finally, Smith argues that the trial court erred by holding him liable for attorney fees and prejudgment interest. He claims that the Guarantee does not specifically hold the guarantor liable for those costs, and that the agreement only allows M & M to collect attorney fees or prejudgment interest from Lily Group.

The rules governing the interpretation of a guaranty clause are generally the same as those that control the construction of an ordinary contract. *S-Mart, Inc. v. Sweetwater Coffee Co., Ltd.*, 744 N.E.2d 580, 585-86 (Ind. Ct. App. 2001), *trans. denied*. We attempt to give effect to the intentions of the contracting parties. *Bruno v. Wells Fargo Bank, N.A.*, 850 N.E.2d 940, 945 (Ind. Ct. App. 2006). "Generally, the nature and extent of a guarantor's liability depends upon the terms of the contract, and a guarantor cannot be made liable beyond the terms of the guaranty." *Id.* "The terms of a guaranty should neither be so narrowly interpreted as to frustrate the obvious intent of the parties, nor so loosely interpreted as to relieve the guarantor of a liability fairly within its terms." *S-Mart, Inc.*, 744 N.E.2d at 585-86.

[13] The agreement signed by Smith provides: "M & M Pump & Supply Company, Inc. shall be entitled to recover all costs of collection from the Business Organization [Lily Group] including but not limited to court costs, lawyers fees [sic] and expert's fees, if the Business Organization [Lily Group] fails to pay or breaches the Agreement." Appellant's App. at 23. As for the Guarantee signed by Smith, it states that, if Lily Group fails to pay, Smith is personally liable for "any of the amounts owed either under an invoice or under this Agreement . . . ." *Id.*

[14] In *Smith v. Ostermeyer Realty Co.*, 102 Ind. App. 164, 197 N.E. 743, 747 (1935), this court held that a guarantor was liable for attorney fees where the contract contemplated payment of attorney fees, despite the fact that the guarantee clause did not specifically reference attorney fees but agreed to pay any money owed under the contract. Smith has not persuaded us to deviate from the result in *Ostermeyer Realty*.[2] The agreement that Smith signed included a provision entitling M & M to recover attorney fees, costs, and interest, and Smith's Guarantee requires him to "pay any of the amounts owed . . . under [the] Agreement." Appellant's App. at 23. We conclude that the trial court did not err by holding Smith liable for those amounts.

---

[2] Smith's brief is sparse on this issue, presenting us with no real legal support for his argument, and M & M's brief similarly lacks relevant legal authority.

# Conclusion

Concluding the trial court did not err in its award of summary judgment, we affirm.

Affirmed.

May, J., and Mathias, J., concur.