

FILED
Aug 31 2015, 8:58 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Gordon A. Etzler
Gordon A. Etzler & Associates, LLP
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

John Lowrey
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gordon A. Etzler, *Appellant-Plaintiff,* | August 31, 2015 |
| v. | Court of Appeals Cause No. 50A04-1406-PL-285 |
| Indiana Department of Revenue, *Appellee-Defendant* | Appeal from the Marshall Superior Court The Honorable Curtis D. Palmer, Judge Trial Case No. 50C01-1308-PL-39 |

**Robb, Judge.**

# Case Summary and Issue

[1]     In December of 2000, the Indiana Department of Revenue (the "Department") filed tax warrants against Dale Dodson in Marshall County and obtained a judgment creating a lien against Dodson's real property and personal property in that county. In 2011, in an attempt to collect unpaid taxes owed by Dodson, the Department levied on money located in Marion County without obtaining a

judgment in Marion County or otherwise establishing an interest in property located outside of Marshall County. We disapproved of the Department's levy in this court's decision in *Etzler v. Ind. Dep't of Revenue*, 27 N.E.3d 1085 (Ind. Ct. App. 2015). In that opinion, we held that Indiana Code chapter 6-8.1-8 provides that a tax warrant entered as a judgment creates a lien on property in the county in which the judgment was entered, and the Department is not authorized to unilaterally levy on property on which a lien has not been established. *Id.* at 1088-89. The Department petitions this court for rehearing of that decision.

On rehearing, the Department argues that our reading of Indiana Code chapter 6-8.1-8 is incorrect and claims that public policy considerations entitle the Department to a victory in this case. The Department also, for the first time on rehearing, raises a number of new arguments under Indiana's Uniform Commercial Code (Indiana Code chapter 26-1-9.1), asserting that several sections of that chapter grant the Department priority over Etzler and entitle the Department to the property at issue in this case. Finally, the Department asks that we clarify whether Etzler is entitled to prejudgment interest, an issue not previously before this court. We grant rehearing in order to address the Department's supplementary arguments, but we affirm our original holding in *Etzler*, *supra*.

# Facts and Procedural History

We recounted the relevant facts and procedural history in our previous opinion:

On December 20, 2000, the Department filed four tax warrants in Marshall County for unpaid income taxes owed by Dale Dodson. On July 16, 2010, the Department renewed its tax warrants in Marshall County, extending their life for an additional ten years.

On November 16, 2010, Etzler filed a UCC Financing Statement with the Indiana Secretary of State, asserting an interest in any breeder's award proceeds owed to Dodson by the Indiana Horse Racing Commission. On November 17, 2010 and October 13, 2011, the Department levied against two separate breeder's awards in the amounts of $7,400 and $4,100, respectively. The funds were payable to Dodson but were intercepted and withheld by the Indiana State Auditor prior to deposit in Dodson's bank account. The funds were used to satisfy Dodson's outstanding tax liabilities.

Etzler sent several letters to the Department claiming a right to the breeder's award funds and demanding that the funds be paid to him. The Department denied that Etzler had a superior interest in the funds and refused his demands for payment. Etzler sought an administrative review hearing to challenge the validity of Dodson's tax liability, but the Department denied Etzler's request. Etzler then brought an action with the Indiana Tax Court, but the case was dismissed for lack of subject matter jurisdiction on November 21, 2011. *See Etzler v. Indiana Dep't of State Revenue*, 957 N.E.2d 706, 709-10 (Ind. T.C. 2011).

On November 11, 2012, Etzler filed a complaint against the Department in Porter County. On June 7, 2013, the case was transferred to Marshall County as the proper venue. Once in Marshall County Superior Court, both parties filed motions for summary judgment and designated evidence in support thereof. Etzler filed a motion to strike the affidavit of Shawna Cole, which was designated by the Department in support of its motion for summary judgment. On April 29, 2014, the trial court granted the Department's motion for summary judgment, denied Etzler's motion for summary judgment, and denied Etzler's motion to strike. Etzler then filed a motion to correct error, which the trial court summarily denied. This appeal followed.

*Etzler*, 27 N.E.3d at 1086-87.

# Discussion and Decision[1]

## I. Indiana Code chapter 6-8.1-8

[4]    First, the Department contends that this court erred in its conclusion that the Department does not have authority to unilaterally levy on property anywhere in Indiana without first establishing a lien on the property levied. The Department asserts that it must be able to levy on property anywhere in the state, because the word "county" does not appear in Indiana Code section 6-8.1-8-8. To reach this result, the Department opts to ignore the context created by the surrounding sections of Indiana Code chapter 6-8.1-8 and read out of Indiana Code section 6-8.1-8-8 the references to section 2 and section 3 of the chapter, all of which establish a county-based limitation on the Department's collection of tax warrants.

[5]    As we explained in our previous decision, Indiana law provides that for the Department to collect a person's unpaid tax debt, the Department first "must issue a demand notice" and "may" later file a tax warrant in a county where the taxpayer owns property.[2] *Etzler*, 27 N.E.3d at 1087 (citing Ind. Code § 6-8.1-8-2). A tax warrant is then recorded by the county's circuit court clerk, and the tax warrant becomes a judgment. *Id.* (citing Ind. Code § 6-8.1-8-2(c), (d)). "The judgment *creates a lien in favor of the state that attaches* to all the person's

---

[1] Etzler did not file a response to the Department's petition for rehearing.

[2] The statute's demand notice requirement is subject to an exception under Indiana Code section 6-8.1-5-3, which is discussed below.

interest in any . . . real or personal property *in the county* . . . ." Ind. Code § 6-8.1-8-2(e) (emphasis added). Indiana Code section 6-8.1-8-2(e) could not be any clearer that the judgment resulting from the filing of a tax warrant creates an interest that attaches to property only in the county in which the tax warrant was filed.

[6] Indiana Code section 6-8.1-8-8 gives the Department "some authority to unilaterally collect without further judicial proceedings." *Etzler*, 27 N.E.3d at 1087. That section conditions the Department's ability to do so only after one of three occurrences: (1) "[a]fter a tax warrant becomes a judgment under section 2 of this chapter"; (2) "[after] a tax warrant is returned uncollected to the department under section 3 of this chapter"; or (3) "[after] the taxpayer does not pay the amount demanded under section 2(b) of this chapter and the taxpayer has taken an action under section 2(n) of this chapter to foreclose the lien." Ind. Code § 6-8.1-8-8. The first occurrence references a judgment created under Indiana Code section 6-8.1-8-2(e), which creates a lien attaching to property "*in the county*" where the tax warrant was filed. The second occurrence refers to an unsuccessful collection by a county sheriff, which requires the existence of "a judgment arising from a tax warrant *in that county*." *See* Ind. Code § 6-8.1-8-3(a) (emphasis added). The third occurrence is specific to real property and refers to a taxpayer who has allowed the Department to foreclose on "[a] lien on real property described in subsection (e)(2) . . . ." *See* Ind. Code § 6-8.8.1-2(m), (n). In turn, "real property described in subsection (e)(2)" is "real . . . property *in the county*" where a tax warrant has been filed and

a judgment entered.  *See* Ind. Code § 6-8.1-8-2(e)(2) (emphasis added).  In sum, all three preconditions—explicit in Indiana Code section 6-8.1-8-8—reference established interests in property that are county-specific.  Those preconditions give context and meaning to section 8, verifying that the section describes the Department's collection of property in which an interest has been attached due to the filing of a tax warrant in a particular county.[3]

[7]  Even without Indiana Code section 6-8.1-8-8's references to section 2 and section 3, we do not believe that section could be properly read to allow the Department to levy on property in which it has no legally attached interest. The Department proposes that Indiana Code section 6-8.1-8-8 allows it to unilaterally levy on property anywhere in Indiana, regardless of whether a judgment has been entered in the county where the property exists.  The consequence—that Indiana Code section 6-8.1-8-8 grants the Department the power to levy on property to which no interest has been attached—is contrary to a common sense reading of Indiana Code chapter 6-8.1-8.  Considering the notice requirements of section 2 and the county-specific language therein, a natural reading of Indiana Code section 6-8.1-8-8 dictates that the Department

---

[3] Further, although a statute's heading does not ordinarily affect the construction of the statute, Ind. Code § 1-1-1-5(f), we cannot help but observe that the title of Indiana Code section 6-8.1-8-8 is "*Uncollected tax warrants*; action by department."  (Emphasis added).  The implication of this title is that the section pertains to the Department's ability to pursue property subject to an uncollected tax warrant.  Of course, tax warrants are filed in individual counties and create liens on property only in the county where the tax warrant was filed.  It follows that actions taken by the Department under Indiana Code section 6-8.1-8-8 are limited to counties where the "[u]ncollected tax warrants" exist.

must have an interest attached to the property before the Department can levy upon it without further judicial proceedings.

[8] The Department suggests that the sections of Indiana Code chapter 6-8.1-8 should be read independently of one another, and that county-specific limitations on the Department's remedial measures do not exist unless specifically stated. The Department cites Indiana Code section 6-8.1-8-5 to support that argument. That section provides that, after obtaining a judgment arising from a recorded tax warrant, "the department may obtain a court order restraining the person owing the tax from conducting business *in Indiana*." *Id.* (emphasis added). We first note that the section's language explicitly proposes a restraining order that encompasses the entirety of Indiana. There is no similar language contained in Indiana Code section 6-8.1-8-8. If anything, the presence of "statewide" language in section 5 and the absence of similar language in section 8 reinforces the notion that the General Assembly did not intend section 8 to grant the Department statewide levying power. Second, we observe that Indiana Code section 6-8.1-8-5 is unique in that it concerns a taxpayer's ability to conduct business within Indiana, while the rest of the chapter deals with the taxpayer's property. Third, no section of the chapter limits a judgment's import to a person's ability to conduct business *in the county* in which the judgment was entered. By contrast, section 2 *does* limit a judgment by attaching a lien only to property "*in the county*" where the judgment was entered. *See* Ind. Code § 6-8.1-8-2(e).

[9] The Department insists that this court give deference to its interpretation of Indiana Code section 6-8.1-8-8. "An interpretation of a statute by an administrative agency charged with the duty of enforcing the statute is entitled to great weight, unless this interpretation would be inconsistent with the statute itself." *LTV Steel Co. v. Griffin*, 730 N.E.2d 1251, 1257 (Ind. 2000). The court will "defer to [an] agency's reasonable interpretation of such a statute even over an equally reasonable interpretation by another party." *Chrysler Group, LLC v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 960 N.E.2d 118, 124 (Ind. 2012). We have given careful consideration to the Department's reading of Indiana Code section 6-8.1-8-8, both in our original opinion and on rehearing. That said, we believe that the Department's proposed interpretation of the statute is neither apparent in its plain language nor consistent with other sections of Indiana Code chapter 6-8.1-8.

[10] The Department also asserts that it should be granted statewide levying power as a matter of public policy, arguing that failing to do so will increase the cost of tax collection and make it easier for a delinquent taxpayer to avoid payment. There is no doubt that granting the Department unlimited statewide levying authority would make it easier for the Department to collect on unpaid tax debts. But the fact that such authority would make the Department's job easier does not make it a correct interpretation of Indiana Code chapter 6-8.1-8.

[11] "The legislature has wide latitude in determining public policy, and we do not substitute our belief as to the wisdom of a particular statute for those of the legislature." *State v. Rendleman*, 603 N.E.2d 1333, 1334 (Ind. 1992). Perhaps

the Department is correct that, as a matter of public policy, an ideal statutory scheme would allow the Department to unilaterally levy on property statewide after obtaining a judgment in only a single county. Or better yet, why not allow the Department to unilaterally levy on property statewide after merely providing notice to the taxpayer and without obtaining a judgment at all? But the truth is, it is not up to us to make that call. The formulation of public policy is a task entrusted to the legislature, not this court. It is not the function of this court to amend legislation that the State's administrative agencies believe is unfavorable.

[12]  Moreover, the Department's second policy concern—that a taxpayer will intentionally evade collection by storing property in a different county—is already anticipated in Indiana's statutory scheme. The demand notice procedures set out in Indiana Code section 6-8.1-8-2 are applicable to the Department's collection measures "[e]xcept as provided in IC 6-8.1-5-3 . . . ." Ind. Code § 6-8.1-8-2(a). That section provides that the Department may forgo the procedures set forth in Indiana Code section 6-8.1-8-2 "[i]f at any time the department finds that a person owing taxes intends to quickly leave the state, remove his property from the state, conceal his property in the state, or do any other act that would jeopardize the collection of those taxes . . . ." Ind. Code § 6-8.1-5-3(a). If such a finding is made, the Department may serve a jeopardy tax warrant against a person and, "either without or with the assistance of the sheriffs of *any counties in the state*, may levy on and sell the person's property which is located in those counties." Ind. Code § 6-8.1-5-3(c) (emphasis added).

Simply stated, the Department *does* have statewide levying authority if the Department's ability to collect is jeopardized. But no such authority is granted via Indiana Code section 6-8.1-8-8.

[13] "An administrative agency has only those powers conferred on it by the legislature, and unless we find the grant of powers and authority in the statute, we conclude that no power exists." *LTV Steel Co.*, 730 N.E.2d at 1257. Indiana Code section 6-8.1-8-8 does not grant the Department the authority to levy on property in which it has not established a lien, and the Department has pointed to no other source of authority in this case. We therefore reaffirm our holding in *Etzler*, *supra*.

## II. Uniform Commercial Code

[14] In addition to challenging our application of Indiana Code chapter 6-8.1-8, the Department argues for the first time on rehearing that several provisions of Indiana's Uniform Commercial Code mandate a decision in the Department's favor.[4] Ordinarily, a party is prohibited from making new arguments on rehearing, and such arguments are forfeited. *See Indiana Newspapers, Inc. v. Miller*, 980 N.E.2d 852, 864 (Ind. Ct. App. 2012). The Department's forfeiture notwithstanding, we wish to briefly address these arguments.

---

[4] As was the case in its initial briefing, "the Department does not dispute that Etzler filed a valid UCC Financing Statement that perfected his interest in the breeder's awards." *Etzler*, 27 N.E.3d at 1089. Rather, the Department's newfound reliance on the UCC purportedly favors the Department despite Etzler's perfected security interest.

First, the Department asserts that a creditor cannot acquire priority over the Department's interest in property through perfection under the UCC. The Department cites a subsection of the statute defining the UCC's scope, which states that "IC 26-1-9.1 [the Secured Transactions Article of Indiana's UCC] does not apply to . . . the creation, perfection, priority, or enforcement of a security interest created by the state, another state, or a foreign country, or a governmental unit of the state, another state or a foreign country." Ind. Code § 26-1-9.1-109(d)(14). The Department interprets this section to mean that "Indiana's UCC specifically forbids Etzler's filings from affecting the priority of the Department's interest." Appellee's Petition for Rehearing at 4. The Department's reading of this section is incorrect. Indiana Code section 26-1-9.1-109(d) is a list of situations wherein an interest in property is not governed by the UCC, usually because it is instead governed by some other statute.[5] It is *not*, as the Department suggests, a list of situations that *preempt* the UCC. Furthermore, Indiana Code section 26-1-9.1-109(d)(14) is clearly modeled off of Uniform Commercial Code section 9-109(c), which states "[t]his article does not apply to the extent that . . . another statute of this State expressly governs the creation, perfection, priority, or enforcement of a security interest created by this State or a governmental unit of this State." Uniform Commercial Code § 9-109(c)(2). The UCC's Official Comment on that section makes clear that it applies to "governmental *debtors*" and "reflect[s] the view that Article 9 should

---

[5] Examples include an assignment of a claim for wages, Ind. Code 26-1-9.1-109(d)(3), and interests in real property, Ind. Code § 26-1-9.1-109(d)(11).

apply to security interests created by a State . . . except to the extent that another statute governs the issue in question." (Emphasis added). The Department is not a government debtor in this case, and Indiana Code section 26-1-9.1-109(d)(14) has no relevance here.[6]

[16] Next, the Department contends that it is a "lien creditor" under the meaning of Indiana Code section 26-1-9.1-317(a) and that status grants it priority over Etzler pursuant to that statute. The statute provides in relevant part:

> A security interest . . . is subordinate to the rights of:
>    (1) a person entitled to priority under IC 26-1-9.1-322; and
>    (2) except as provided in subsection (e), a person that becomes a lien creditor before the earlier of the time:
>        (A) the security interest . . . is perfected; or
>        (B) one (1) of the conditions specified in IC 26-1-9.1-203(b)(3) is met;
>    and a financing statement covering the collateral is filed.

Ind. Code § 26-1-9.1-317(a). The Department is not a "lien creditor" within the meaning of section 317, because Indiana Code section 6-8.1-8-2(e) is clear that the judgment entered for the Department created a lien only in the county where it was entered. The Department's judgment was entered in Marshall County, but the breeder's award proceeds were only ever in Marion County.

---

[6] Even if the Department were correct to interpret Indiana Code section 26-1-9.1-109(d)(14) as granting the State's security interests super-priority over other security interests, the lien created by the Department's tax warrant judgment still is not a "security interest" created by the state. *See See* Ind. Code § 26-1-9.1-102(73) (defining "secured party"); Ind. Code § 26-1-1-201(37) (defining "security interest"). Because the Department's interest in Dodson's property is not a "security interest" as defined by Indiana's UCC, Indiana Code section 26-1-9.1-109(d)(14) is inapposite.

Therefore, the Department was not a lien creditor with respect to those proceeds, and Indiana Code section 26-1-9.1-317(a) affords no relief to the Department.

[17] Last, the Department argues that it perfected a security interest in money owed to Etzler by possessing it in Marion County. The Department cites Indiana Code sections 26-1-9.1-310 and -313. What the Department fails to understand is that its tax warrant and resulting judgment do not make it a "secured party" with a "security interest" under Indiana's Uniform Commercial Code. *See* Ind. Code § 26-1-9.1-102(73) (defining "secured party"); Ind. Code § 26-1-1-201(37) (defining "security interest"); Ind. Code § 26-1-9.1-109 (defining the scope of Indiana's UCC).[7] Consequently, the Department does not "perfect" its interest in Dodson's property via methods set out in Indiana Code chapter 26-1-9.1. *See* Ind. Code § 26-1-9.1-109. A party cannot perfect a security interest under the Uniform Commercial Code without also attaching a security interest to the property. *Cf. Smith v. M&M Pump & Supply, Inc.*, -- N.E.3d --, No. 28A01-1502-CC-57, slip op. at 5-7 (Ind. Ct. App. Aug. 6, 2015).

## III. Prejudgment Interest

[18] Finally, the Department asks that we determine on rehearing the damages owed to Etzler and whether prejudgment interest is appropriate. The Department

---

[7] Rather than creating a "security interest" within the meaning of the UCC, the Department's tax warrant judgment results in a lien that affords the Department "lien creditor" status. *See* Ind. Code § 26-1-9.1-102(52) (defining "lien creditor").

correctly observes that our original decision did not mention prejudgment interest. That is because prejudgment interest was not an issue placed before this court on appeal. Similarly, the parties did not dispute the amount of damages at issue. Because the issue was not presented to us and because the trial court is fully capable of determining such issues in the first instance, we do not address the Department's arguments as to damages.

# Conclusion

[19] We conclude that Indiana Code section 6-8.1-8-8 does not grant the Department statewide levying authority. We further conclude that sections of Indiana's Uniform Commercial Code cited by the Department do not entitle it to priority in the breeder's award proceeds that it levied upon. We reaffirm our original opinion that the trial court erred in granting summary judgment to the Department.

Bailey, J., and Brown, J., concur.